UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Case No. _____ - Civ - _____

| | |
|---|---|
| LANZO LINING SERVICES, INC., a Florida company, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PROSHOT CONCRETE, INC., an Alabama company, and EMPLOYERS' MUTUAL CASUALTY COMPANY, an Iowa company, | ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Lanzo Lining Services, Inc. ("Lanzo") hereby files its Complaint against Defendants Proshot Concrete, Inc. ("Proshot") and Employers Mutual Casualty Company ("Employers Mutual") and states as follows:

### PARTIES

1.      Lanzo is a Florida corporation with its principal place of business located in Florida.

2.      Proshot is an Alabama corporation with its principal place of business located in Alabama.

3.      Employers Mutual is an Iowa corporation with its principal place of business located in Iowa.

<u>JURISDICTION AND VENUE</u>

4.      This court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000.00.

5.      Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because the claim arose in the District of Columbia and pursuant to DC Statute 2-357-.02 (e).

6.      This is an action for breach of contract and against the Payment Bond in an amount exceeding $ 75,000.00.

<u>FACTS</u>

7.      On about January 13, 2010, the District of Columbia Water and Sewer Authority entered into a Contract with Proshot to perform rehabilitation work on a project known as the District of Columbia Water and Sewer Authority Rehabilitation of Sewers, Cured in Place Pipe Lining ("Project").

8.      On about the same date, Employers Mutual furnished a Payment Bond for the Project with Proshot as Principal.  A true and correct copy of the Payment Bond is attached hereto as Exhibit "A."

9.      On about June 1, 2012, Proshot and Lanzo entered into a subcontract ("Subcontract") whereby Lanzo was to provide labor and materials on the Project and receive payment for its work. A true and correct copy of the Subcontract is attached hereto as Exhibit "B."

10.     All conditions precedent and necessary to maintaining this action have occurred, been satisfied, been performed and/or been waived by Proshot and Employers Mutual. Suit has been commenced less than one year after the date on which the last of the labor was performed and material supplied by Lanzo.

## COUNT I
### BREACH OF CONTRACT AGAINST PROSHOT

11.     Lanzo adopts, realleges and incorporates Paragraphs 1 through 10 above as if fully set forth herein.

12.     Proshot breached the Subcontract by, without limitation, failing to properly pay subcontract monies due and owing to Lanzo for work performed by Lanzo on the Project. Furthermore, Proshot breached the Subcontract by causing and requiring Lanzo to spend extra time and extra efforts in completing the Subcontract work.  Lanzo's work was rendered inefficient, unproductive and/or more costly due to actions and inactions of Proshot.  Proshot additionally breached the Subcontract by requiring Lanzo to perform changed and additional work without providing change orders, additional Contract time and/or additional Contract compensation.

13.     Although demand has been made and is made again herein, Proshot failed and refused to pay Lanzo the amount owed to Lanzo.

14.     As a direct result of the aforesaid breaches, Lanzo suffered damages in the prosecution of the Project work.

15.     Lanzo has been caused to retain the undersigned counsel to prosecute this action and has become obligated to pay undersigned counsel a reasonable attorneys' fee.  Lanzo is entitled to the award of reasonable attorneys' fees, court costs and reasonable expenses against Proshot pursuant to Alabama Code § 8-29-6.

WHEREFORE, Lanzo demands judgment for damages against Proshot, together with costs, interest, attorney's fees, court costs, reasonable expenses and such other and further relief as the Court deems just and proper.

## COUNT II
### BREACH OF PAYMENT BOND BY EMPLOYERS MUTUAL

16.     Lanzo adopts, realleges and incorporates Paragraphs 1 through 10 above as if fully set forth herein.

17.     Lanzo, pursuant to the Subcontract, satisfactorily performed work and furnished labor, materials and supplies requested by Proshot.  All such work, labor, materials and supplies have been accepted by Proshot and incorporated into the Project.  Amounts are due to Lanzo which remain unpaid by Proshot and Employers Mutual on the Project.

18.     Proshot breached the Subcontract by failing to make timely payment to Lanzo in accordance with the Subcontract and Lanzo's request for payments.  Such breach is also a breach by Employers Mutual under the Bond (Exhibit "A").

19.     Lanzo timely provided a Notice to Owner and Notice of Non-Payment to Proshot and Employers Mutual during the course of the Project.

20.     Although demand has been made and is made again herein, Proshot and Employers Mutual have failed and refused to pay Lanzo the amount owed to Lanzo.

21.     As a direct and proximate result, Lanzo suffered damages.

22.     Lanzo retained the undersigned counsel to prosecute this action and is obligated to pay its counsel a reasonable fee.  Lanzo is entitled to recover its reasonable attorney's fees and costs.

WHEREFORE, Lanzo demands judgment for damages against Employers Mutual, based on the Bond, together with attorneys' fees, interest and costs, and such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Lanzo demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Michael A. Piscitelli
Bar ID TX0034
Vezina, Lawrence & Piscitelli, P.A.
The Museum Building
300 SW First Avenue, Suite 150
Fort Lauderdale, FL 33301
Telephone:      (954) 728-1270
Facsimile:      (954) 728-1271
*Attorneys for Lanzo Lining Services, Inc.*